**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DANIEL TRISTAN-CHAPA, | ) | |
|     ID # 37202-177, | ) | |
|         Movant, | ) | No. 3:09-CV-1617-G-BH |
| vs. | ) | No. 3:07-CR-0331-G (05) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
|         Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Daniel Tristan-Chapa ("Movant"), an inmate currently incarcerated in the federal prison system, filed a *Motion to Vacate, Set Aside, or Correct Sentence* ("Mot.") pursuant to 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:07-CR-0331-G. The respondent is the United States of America ("Government").

**A.    Plea and Sentencing**

On November 8, 2007, Movant was charged by indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 846. (*See* Indictment, doc. 1).[1]

On May 20, 2008, Movant pled guilty to the charged offense before a magistrate judge without a plea agreement. (*See* Rearraignment Hearing Transcript at pp. 2-4, 10-11, 13-20). Movant also signed a factual resume admitting facts sufficient to support his plea and acknowledging that the penalty would be a term of imprisonment between ten years and life

---

[1]    All document numbers refer to the docket number assigned in the underlying criminal action.

imprisonment, a term of supervised release not to exceed five years, and a fine not to exceed $4000.00 dollars. (*See* Factual Resume, doc. 113).

After a sentencing hearing on September 16, 2008, the district court entered judgment on Movant's guilty plea and sentenced him to 151 months imprisonment to be followed by five years supervised release. (*See* Judgment, doc. 210). Movant did not appeal his conviction or sentence.

**B.** **Substantive Claims**

Movant filed his motion to vacate on or about August 31, 2009, (*see* Mot. at 1), along with a memorandum in support of his motion. ("Mem."). He claims that his trial attorney provided ineffective assistance of counsel by failing to raise the district court's lack of jurisdiction to impose Movant's sentence and by failing to file an appeal on this same ground. (*See* Mot. at 5, 10; Mem. at 2-5). The Government filed a response brief on October 27, 2009. (*See* Resp. Opp'n Mot. ("Resp.")). No reply brief was filed.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct

appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597. In this case, the Government does not invoke procedural bar as a defense to any claim.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole ground for relief, Movant asserts that his trial attorney provided ineffective assistance of counsel by failing to object to the district court's jurisdiction to impose his sentence because the district court sentenced Movant based on an amount of 150 kilograms of cocaine when he was indicted for possession with intent to distribute five or more kilograms of cocaine. (Mem. at 4-5). Movant also contends that counsel was ineffective for failing to raise this issue on appeal.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective

assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Likewise, conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Here, movant faced a statutory maximum sentence of life imprisonment, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), a fact he acknowledged when he pled guilty (Rearraignment Hearing at 18). He was sentenced to only 151 months of imprisonment. A fact used in sentencing that does not increase the penalty beyond the statutory maximum need not be alleged in the indictment. *United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000); *see Apprendi v. New Jersey*, 530 U.S. 466 (2000). Accordingly, because the facts contained in the PSR regarding the drug quantity that were used to

sentence Movant did not increase the penalty beyond the statutory maximum, the district court did not lack jurisdiction to impose the sentence that was imposed, and his counsel was not ineffective for failing to raise a meritless claim.

Movant also complains that he was not sentenced within the federal sentencing guideline range for five or more kilograms of cocaine, with the two-level downward departure that he received, and was instead was sentenced to a higher sentence. (Mem. at 4). However, Movant was sentenced after the Supreme Court handed down *United States v Booker*, 543 U.S. 220 (2005), establishing a discretionary sentencing regime. The Fifth Circuit has held that post-*Booker*, a sentencing judge may find all facts relevant to sentencing. *United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Post-*Booker*, a district court may also sentence a defendant on facts not established by a guilty plea as long as the facts have been proven by a preponderance of the evidence. *United States v. Valle*, 484 F.3d 745, 760 (5th Cir. 2007). Movant does not allege, much less prove, that there was insufficient evidence to support the court's finding that he was guilty of distributing 150 kilograms of cocaine. The factual resume signed by Movant alone states that he was involved in a specific delivery of 50 kilograms of cocaine. (Factual Resume at 3, doc. 113).

Movant has not shown reasonable probability that he would have been sentenced to a lower sentence or would have prevailed on appeal had his attorney raised the argument that the district court was in error in sentencing Movant to 151 months either at sentencing or on appeal. He has not shown that his attorney was ineffective, and his ineffective assistance claim should be denied.

## IV.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary

hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

## V.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED** this 8th day of January, 2010.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE